UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| IN RE: | ) |
| | ) |
| JOEL SUNDQUIST | )   CASE NO. 08-33377(1)(13) |
| | ) |
| Debtor(s) | ) |

### MEMORANDUM-OPINION

This matter is before the Court on the Amended Motion to Disallow Claim of Westwind Properties ("Westwind") filed by Debtor, Joel Sundquist ("Debtor"). The Court considered the Amended Motion, the Objection of Westwind, the post-hearing filings of the parties, the comments of counsel for both parties at the hearing held on the matter and the post-hearing filings of the parties. For the following reasons, the Court **GRANTS** the Motion.

### FACTS

On October 24, 2008, Westwind filed a Proof of Claim in the amount of $66,405.06 based on the breach of a Commercial Lease ("Lease") between the Debtor and Westwind. Debtor filed an Objection to the Motion to Disallow Claim contending the proper amount of the claim was $9,000. Westwind filed a Response to Debtor's Objection contending the original Proof of Claim was accurately based on the Debtor's breach of the Lease and its inability to rent the premises to a new tenant until January 2009 due to damages caused to the premises by Debtor.

On April 8, 2009, Debtor filed his Amended Motion to Disallow Claim contending the parties had previously settled Westwind's claim in Oldham Circuit Court ("State Court action") in a breach of contract claim filed by Westwind against the Debtor. Debtor filed a counterclaim against Westwind in that action. The parties filed a Joint Motion to Dismiss each party's claim against the

other with prejudice as settled. On February 2, 2009, the State Court action was dismissed with prejudice.

Debtor's Amended Motion sought dismissal of Westwind's claim based on the Doctrine of Claim Preclusion and because Westwind's claim is barred by its election of its remedy in the prior State Court action. In its Response, Westwind states the State Court action did not settle the matters asserted in the Proof of Claim.

Following a hearing on the Amended Motion, the Court ordered the parties to supplement the record with affidavits concerning their understanding of the preservation of the right of Westwind to submit a proof of claim in this bankruptcy. Both parties submitted Affidavits. See, Docket Entry Nos. 68 and 69. Those Affidavits indicate that the parties agreed to release and waive "all other claims" and pay their own legal costs and fees provided Westwind dismissed its breach of contract claim in return for Debtor's dismissal of his counterclaim in the State Court action. Westwind also agreed to dismiss a pending Adversary Proceeding against the Debtor seeking to have the breach of contract damages declared nondischargeable pursuant to 11 U.S.C. §523(a)(2). The Adversary Proceeding was dismissed with prejudice pursuant to a Joint Motion to Dismiss on January 9, 2009.

Westwind asserts via the Affidavits of its Managing Partner and its counsel that Debtor's counsel stated in the course of settlement negotiations that the Proof of Claim would remain in this bankruptcy proceeding. However, the emails attached to the Debtor's Affidavit do not support this assertion. The emails regarding the settlement filed by the parties indicates a waiver of all claims in exchange for mutual dismissals. There is nothing in writing that supports Westwind's claim of a preservation of a Proof of Claim regarding the breach of contract claim.

## **CONCLUSION**

For all of the above reasons, the Amended Motion to Disallow Claim of Westwind Properties is **GRANTED**. An Order incorporating the findings herein accompanies this Memorandum-Opinion.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 14, 2009

3

UNITED STATES BANKRUPTCY COURT
FOR THE
WESTERN DISTRICT OF KENTUCKY

IN RE: )
 )
    JOEL SUNDQUIST ) CASE NO. 08-33377(1)(13)
 )
                  Debtor(s) )

### ORDER

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the Amended Motion to Disallow Claim of Westwind Properties, be and hereby is, **GRANTED**.

Joan A. Lloyd
United States Bankruptcy Judge
Dated: July 14, 2009